OPINION. Black, Judge: The question which we have to determine is whether when decedent in 1944 sold for $11,366.44 the certificates formerly representing 578 of his preferred shares of Springfield Railway Companies-1926, he had a capital loss, 50 per cent of which he was entitled to take into account as a deductible loss from his income tax return, as petitioner contends, or whether he had a long term capital gain, 50 per cent of which he must take into account in arriving at his net income in 1944 as the Commissioner has determined. The facts are not in dispute. The difference between the parties arises from the legal interpretation to be given to these facts. At various times prior to February 19, 1926, decedent had acquired 578 preferred shares of Springfield Railway Companies-1926 at an aggregate cost of $21,-231.25. As has already been stated in 1944 decedent sold his claim against the railroad company represented by these shares for $11,366.44. This sale was, of course, a gain or loss transaction under section 111, I. R. C. Both parties are agreed on that fact. The dispute between them is as to what basis decedent was entitled to use in 1944 when he sold his claim represented by these 578 shares. Petitioner contends that the basis to be used is the original cost of the stock, $21,231.25, reduced by a liquidation distribution of 25 cents per share which decedent received in 1939 from a liquidation of the holding company. Respondent contends that decedent’s basis for computing his gain or loss on the sale in 1944 was $433.50. Respondent bases this contention on the fact that in 1939 the holding company was completely liquidated and that what decedent received in the liquidation for his preferred shares in the holding company was 25 cents per share in cash and his claim against the guarantor, The New York, New Haven and Hartford Railroad Company. He has computed decedent’s loss for 1939 on his entire 629 shares of preferred stock and has determined an overassessment for that year. We have given the details of this overassessment in our preliminary statement, although we have no jurisdiction over it in this proceeding. In the manner above stated the Commissioner has determined a cost basis of $433.50 for the part of petitioner’s claim represented by the 578 shares which petitioner sold in 1944 and has arrived at a capital gain of $10,932.94. fifty per cent of which he takes into account instead of the capita] loss claimed by decedent on his return. The liquidation of a corporation gives rise to gain or loss to the stockholders whose stock is liquidated. Section 115 of the Internal Revenue Code, so provides.[1] Petitioner does not contend tliat the liquidation of decedent’s preferred stock in the holding company in 1939 comes within any of the nonrecognition provisions of section 112,1. R. C. That being true, section 111 is applicable to the liquidation which took place. Section 111, I. R. C., is printed in the margin.[2] The facts which are given in our findings of fact show clearly that the holding company was completely liquidated in 1939. It was not a partial liquidation which took place. While the outstanding shares of preferred stock of the holding company, part of which petitioner owned, were not surrendered and cancelled, nevertheless these shares no longer represented preferred stock. They were simply evidence of the claim which the former owners of preferred stock retained against the guarantor railroad company. What did petitioner’s decedent receive in 1939 in liquidation of his preferred stock? He received 25 cents per share in cash and in addition an unsecured claim against The New York, New Haven and Hartford Railroad Company for $105 redemption price of each share, plus a small amount of accumulated dividends. This claim was evidently of small value in 1939 because at that time the railroad company was going through a 77B Bankruptcy Reorganization in the United States District Court for the District of Connecticut. The Commissioner has determined in his deficiency notice that decedent’s claim as represented by the 578 shares of preferred stock here in question had a fair market value in 1939 on the date of liquidation of the holding company of $433.50. Petitioner does not dispute this valuation. It contests the Commissioner’s determination on other grounds which we have heretofore stated. This claim which decedent owned against the railroad company after the liquidation of the holding company was, “property (other than money) received” as those terms are used in section 111, I. E. C. When decedent sold 578 shares of preferred stock in the holding company in 1944, he really was not selling preferred stock. There really was no preferred stock any longer existing in the holding company. It had long since been dissolved. What decedent sold in 1944 was his claim against the railroad company. That claim had a basis of cost to petitioner of $483.50 and his gain or loss on the sale must be determined on that basis. To hold otherwise,-it seems to us would be to disregard.the provisions of section 115 (c), I. E. C., relating to distributions in complete liquidation of a corporation and that we are not at liberty to do. See Robert J. Boudreau, 45 B. T. A. 390, affd. 134 Fed. (2d) 360. In the Boudreau case, we said among other things, as follows: Section 115 (c) of the Revenue Act of 1934 provides that amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and the gain or loss to tHe' distributee resulting from such exchange shall be determined under section 111. The latter section, pro-, vides that the gain shall be the excess of the amount realized over the basis, and “The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.” Section 112 provides: “Upon the sale or exchange of property, the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.” None of the exceptions has any application in this case. * * * After citing and commenting upon the applicable statutes, we went on to say: The petitioners in this case were the owners of the stock of the Jim Oil Co. which had cost them $50 per share. There was a complete and final liquidation of the Jim Oil Co. in the taxable year. Rights to oil payments solely from a fraction of the oil produced under a lease were distributed to the petitioners in that liquidation. That property must “be treated as in full payment in exchange for the stock.” The gain is the excess of the fair market value of that property over the basis of $50 per share, [citing cases] * * * In affirming our decision in the Boudreau case, the Fifth Circuit said: Under the express provisions of the applicable statutes, when there is complete liquidation of a corporation, stockholders are accountable for the difference between the cost basis of their stock and the fair market value of the property received in exchange for it. Secs. 111, 112 (a), 115 (c), Revenue Act of 1934, 26 U. S. C. A. Int. Rev. Acts, pages 691, 692, 703, and Treasury Regulations 86 for 1934. The “fair market value” of property is a question of fact, “and only in rare and extraordinary cases will property be considered to have no fair market value”. T. R. 86, 1934, Art. 111-1. Decedent’s loss in the liquidation of the holding company occurred in 1939 as the Commissioner has determined and it is in that year that petitioner’s decedent must take his loss on his preferred shares in the holding company. We think the Commissioner has used the correct basis in determining the gain from the sale in 1944 and we sustain his determination. Decision will be entered for the resfondent. SEC. 115. DISTRIBUTIONS BY CORPORATIONS • •***•« (c) Distribution in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial'liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. * * * SEC. 111. DETERMINATION OF AMOUNT OF. AND RECOGNITION OF. GAIN OR LOSS. (a) Computation of Gain or Loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. (b) Amount Realized. — The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. (c) Recognition of Gain or Loss. — In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this chapter, shall be determined under the provisions of section 112. [[Image here]]